NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BOAZ MANOR (a/k/a SHAUN MACDONALD), et al., <br><br> Defendants. | Civil Action No. 20-597 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion by the United States of America (the "Government") for leave to intervene in the above-captioned civil action (hereinafter, the "Civil Action") pursuant to Federal Rule of Civil Procedure 24 and for an order staying the Civil Action pending the conclusion of criminal proceedings in the case captioned United States v. Boaz Manor, et al., Crim. No. 20-51 (D.N.J.), as well as any related criminal proceedings before the United States District Court (hereinafter the "Criminal Action"). The Government's motion is unopposed. For the reasons that follow, the Court finds good cause to grant the Government's motion in its entirety.

Briefly, this Civil Action was filed by the Securities and Exchange Commission ("SEC") on January 17, 2020 asserting a number of violations of federal securities laws. The Complaint alleges, among other things, that Defendants Boaz Manor, Edith Pardo, CG Blockchain, Inc., and BCT Inc. SEZC (collectively, "Defendants") "conducted a fraudulent and unregistered offering

1

of digital asset securities, known during most of the relevant time as BCT Tokens (the 'Tokens')," in which Defendants marketed the Tokens to U.S. and foreign investors between August 2017 and September 2018 and raised "at least $30 million through Token Sales." (Compl., ¶¶ 1, 41.) The Complaint alleges that Defendants made a number of misleading statements about the technology of their products, concealed information about Manor's involvement, identity and criminal background, and misrepresented Pardo's role in CG Blockchain and other affiliated entities (collectively "CGB") (Id., ¶¶ 2-5). According to the Complaint, both Manor and Pardo had a direct role in the offer and sale of the Tokens to investors (Id., ¶¶ 39-40).

These allegations are significantly similar to those set forth in the Criminal Action, which was initiated on January 16, 2020. On that date, a grand jury returned an Indictment against Manor and Pardo, charging them with several wire fraud and securities fraud offenses. The criminal charges in the Indictment arise from the same scheme alleged in the Civil Action Complaint. Both the Civil Action and the Criminal Action allege that, to solicit investment in CGB, Manor and Pardo made material misrepresentations and omissions to investors about the functionality of the CGB products and about the respective personal and professional backgrounds of Manor and Pardo. They both concern allegedly fraudulent conduct by Manor and Pardo in connection with the marketing, offer and sale of the BCT Tokens.

On April 2, 2020, the Government filed this motion to intervene in the Civil Action pursuant to Federal Rule of Civil Procure 24(a)(2), or alternatively, Federal Rule of Civil Procedure 24(b). Rule 24(a)(2) provides for intervention as of right, whereas Rule 24(b) provides for permissive intervention. In pertinent part, Rule 24(a)(2) states as follows:

> On a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Third Circuit has held that four criteria must be satisfied to intervene as of right under Rule 24(a)(2): "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." United States v. Terr. of the V.I., 748 F.3d 514, 519 (3d Cir. 2014) (quotation and citation omitted). The decision to permit intervention pursuant to Rule 24 lies within the Court's discretion. Id.

The Court finds that the Government has met all four criteria for intervention under Rule 24(a)(2) and thus intervention is warranted. First, the motion to intervene is timely. The Civil Action is in its earliest stages. The intervention will not cause undue prejudice or delay. Second, the Government has demonstrated that it has a substantial interest in the Civil Action, given the significant overlap of issues between the Civil Action and the Criminal Action. Third, intervention is necessary due to the real risk that the broad discovery parameters of a civil proceeding will jeopardize a parallel criminal prosecution. See S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam) (recognizing that "[t]he government [has] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."). Fourth, the Government's interest in safeguarding the criminal investigation and prosecution of Manor and Pardo will not be adequately represented by an existing party in the Civil Action. The SEC, though an agency of

the federal government, has an interest in protecting the integrity of financial markets. This interest is not only distinct from the Government's interest in the criminal prosecution but also has the potential to conflict with it.

Moreover, the Government seeks to intervene for the limited purpose of staying this matter pending the ongoing, parallel criminal prosecution. The Court has the inherent authority to stay this Civil Action until trial of the Criminal Action has concluded. See RAD Svcs., Inc. v. Aetna Cas. & Sur. Co., 808 F.2d 271, 279 n.3 (3d Cir. 1986); see also United States v. Mellon Bank, N.A., 545 F.2d 869, 872-73 (3d Cir. 1976) (holding that "[i]t was clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings."). The Court finds that staying this action until completion of the Criminal Action would serve the interests of justice. A stay would strike the proper balance between the competing interest of allowing the parties to pursue civil litigation versus the public interest in protecting the Government's efforts to enforce the criminal laws. As mentioned, the Civil Action and Criminal Action share common issues of both law and fact. This substantial overlap between the cases poses the possibility, and indeed likelihood, that the Defendants to the Civil Action may avail themselves of the liberal civil discovery procedures and thus risk undermining the Criminal Action. The Third Circuit identified this concern, with the possibility of improper use of discovery obtained in a civil case related to an ongoing criminal matter, as an appropriate reason to stay civil discovery in parallel proceedings. See Mellon Bank, 545 F.2d at 872-73. While the parties to the Civil Action have an interest in the swift resolution of the securities fraud claims in this civil enforcement action, that interest is outweighed by the importance of conducting an unimpeded criminal prosecution. Moreover, there is no indication that a stay of the Civil Action will prejudice the litigants. None of the litigants to this Civil

Action have opposed the instant motion. Indeed, as the Government notes in its brief, a stay of the Civil Action pending resolution of the Criminal Action may promote judicial economy by narrowing, simplifying, or even eliminating issues to be decided in the Civil Action. This potential benefit further militates in favor of a stay. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (expressing that the district court had not abused its discretion in staying a civil case until the conclusion of a trial in a parallel criminal case based on, among other considerations, the possibility that the criminal trial would "reduce the scope of discovery in the civil action . . . [and] simplify the issues.").

Accordingly,

**IT IS** on this 24th day of June 2020,

**ORDERED** that the motion filed by the United States of America to intervene in and stay this action [ECF 21] be and hereby is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 24(a)(2), the United States of America is granted leave to intervene in the above-captioned action; and it is further

**ORDERED** that, in the interests of justice, the above-captioned action is **STAYED** until completion of the Criminal Action, as identified in the foregoing Opinion.

      s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge